IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DYONTE SCOTT,<br><br>Defendant. | CR 24-5-BU-DWM<br><br><br>ORDER |

Defendant Dyonte Scott moves unopposed for the return of personal property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. (Doc. 104; *see* Doc. 101.) Specifically, Scott requests the return of his iPhone and $2,223.00 in cash, which the government has stated are available for pick up from the Bozeman Police Department. (Doc. 104; Doc. 101 at 3; Doc. 103-1 at 1, 8, 17.) Scott's counsel, Larry Mansch, intends to pick up the requested property the week of January 20, 2025. (Doc. 104 at 2.) The government requests Scott's motion be denied as moot because no dispute exists regarding Scott's personal property, as the government agrees it should be returned to him. (Doc. 103.)

Rule 41 of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[a] person aggrieved . . . by the deprivation of property may move for

1

the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). When there are no criminal proceedings pending at the time of filing, a Rule 41(g) motion is to be treated like a civil complaint seeking equitable relief governed by the Federal Rules of Civil Procedure. *E.g., Snitko v. United States*, 90 F.4th 1250, 1259 (9th Cir. 2024); *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008). Where a Rule 41(g) motion is made post-trial, and "the property in question is no longer needed for evidentiary purposes," the movant "is presumed to have a right to its return." *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987); *United States v. Kriesel*, 720 F.3d 1137, 1144 (9th Cir. 2013) ("[A] defendant's Rule 41(g) motion should presumptively be granted if the government no longer needs the property for evidence.") (internal quotation marks omitted). The government may rebut this presumption by showing a legitimate reason to retain the property. *Martinson*, 809 F.2d at 1369. In this context, "[a] district court has both the jurisdiction and the duty to return the contested property." *Id.* at 1370 (internal quotation marks omitted).

Here, because the government argues that the Rule 41(g) motion is moot, the Court treats the government's response as a motion to dismiss on that ground. *See Snitko*, 90 F.4th at 1259; *Ibrahim*, 522 F.3d at 1007; Fed. R. Civ. P. 12. Applying

2

the presumption of right to return, Scott has a right to the return of his property as the government does not seek to retain it. *See Martinson*, 809 F.2d at 1369; *Kriesel*, 720 F.3d at 1144. However, the property of Scott's iPhone and $2,223.00 in cash is not contested. *See Martinson*, 809 F.2d at 1370. The government responded that "[t]he United States agrees those two items should be returned to Scott" and requested the Court deny the motion as moot. (Doc. 103 at 2.) In determining whether a Rule 41(g) motion is moot, courts consider the government's "evidence concerning the disposition of [the] property at issue," *Mora v. United States*, 955 F.2d 156, 158 (9th Cir. 1992), and its willingness to facilitate return of the property, *see Roberts v. U.S.*, 363 F.Supp. 37, 38 (C.D. Ca. 1973) (considering government's offer to return the property); *Snitko v. United States*, 2021 WL 4775984, at *5 (considering that government "arranged for the return of[] Plaintiff's property"); *Santos-Pineda v. Axel*, 2011 WL 13103995, at *4 (C.D. Ca. 2011) (considering if government is "willing to return" property).

  First, the government has provided the Court with Bozeman Police Department evidence logs and photographs showing the location of Scott's property. Second, the government originally notified Scott that evidence in this case was available for return to him on November 20, 2024. (Doc. 103 at 2.) Now, the government has expressly stated that Scott's property "should be returned to" him and that the "United States will continue to ensure Scott's counsel is able to

pick up his" property. (Doc. 103 at 2, 5.) Scott's counsel, Larry Mansch, has confirmed he is in contact with the Bozeman Police Department and will timely pick up Scott's property. (Doc. 104 at 2.) Thus, because the government has provided evidence concerning the disposition of Scott's property and shown its willingness to facilitate the return of that property, no actual or live controversy exists, *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999) (internal quotation marks omitted); *see* Doc. 103, 103-1.[1]

Accordingly, IT IS ORDERED that Defendant Scott's motion, (Doc. 104), is DENIED as moot, and his counsel, Larry Mansch, can retrieve Scott's iPhone and $2,223.00 in cash from the Bozeman Police Department.

DATED this 15 day of January, 2025.

                Donald W. Molloy, District Judge
                United States District Court

---

[1] Since the government does not oppose the return and has provided evidence logs showing the location Scott's property, no outstanding factual disputes exist, and an evidentiary hearing is not necessary. *See* Fed. R. Crim. P. 41(g).